IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY DEBROEUX** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPT. CHARLES ERICKSON, ET AL.** | : | **NO. 05-1673** |

**ORDER**

     AND NOW, this 6th day of July, 2006, upon consideration of Debroeux's Petition for Writ of Habeas Corpus, Defendants' Response thereto, Magistrate Judge Rueter's Report and Recommendation, and Debroeux's Objections thereto, it appearing that:

    a.    Petitioner Debroeux, presently incarcerated at the State Correctional Institution Retreat, Hunlock Creek, Pennsylvania, was convicted of aggravated assault, recklessly endangering another person, and violation of the Uniform Firearms Act on April 3, 2002, in the Court of Common Pleas for Philadelphia County. On the same date he was sentenced to a term of five to fifteen years for the aggravated assault and two and a half to five years, to be served concurrently, for the firearms violation. No further penalty was imposed for the reckless endangerment conviction.

    b.    On April 25, 2002, Debroeux filed a Motion to Modify Sentence, which was denied on May 3, 2002. On June 9, 2004, the trial court denied Debroeux's Motion for Reconsideration of Sentence because the motion was filed after the prescribed 30 days from the sentencing date and the trial court no longer had jurisdiction over the case.

    c.    Debroeux did not appeal the trial court's decision to the Superior Court of Pennsylvania. Instead, on July 26, 2004, Debroeux filed a first petition for a writ of habeas corpus in this court (<u>Debroeux v. Erickson, et al.</u>, 04-CV-3523). By Order of September 29, 2004, the court adopted Magistrate Judge Rueter's Report and Recommendation, found Debroeux had not exhausted state remedies, and dismissed Debroeux's petition without prejudice. The Order noted that "Petitioner may file a petition under the Pennsylvania Post Conviction Relief Act (PCRA)."

    d.    Instead of filing a PCRA petition, Debroeux filed a petition for a writ of habeas corpus in the Pennsylvania Supreme Court on December 20, 2004. The

1

    Pennsylvania Supreme Court dismissed the petition on March 9, 2005.

 e. On April 11, 2005, Debroeux filed the instant petition for a writ of habeas corpus.

 f. In his Report and Recommendation, Magistrate Judge Thomas Rueter found: Debroeux's conviction became final on May 2, 2002, when the time for filing a direct appeal expired; under 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the statute of limitations on that conviction expired on May 3, 2003; statutory tolling is not triggered by Debroeux's second motion to reconsider his sentence, his first petition for a writ of habeas corpus in this court, or his petition for a writ of habeas corpus in the Pennsylvania Supreme Court; and Debroeux had shown no grounds for equitable tolling.  The Report and Recommendation concluded that Debroeux's petition for a writ of habeas corpus should be dismissed as time-barred and that no certificate of appealability should be granted.

 g. Debroeux, filing Objections to the Report and Recommendation, argues a challenge to the legality of a sentence is not governed by AEDPA.  This is incorrect; challenges to sentences are subjected to the AEDPA statute of limitations.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (U.S. 2005) (considering appropriateness of equitable tolling of AEDPA statute of limitations where petitioner claimed, among other things, that his sentence was illegal); Lomazoff v. Walters, 63 F. Supp. 2d 663, 666-67 (E.D. Pa. 1999) (rule of Pennsylvania law providing that illegal sentences can never be waived and may be reviewed sua sponte by an appellate court does not override AEDPA time limitations that bar review by federal court).

It is therefore **ORDERED** that:

 1. The Report and Recommendation (Paper # 10) is **APPROVED** and **ADOPTED**;

 2. Debroeux' Objections (Paper # 11) are **OVERRULED;**

 3. The Petition for a Writ of Habeas Corpus is **DISMISSED**;

 4. A Certificate of appealability is **NOT GRANTED**.

               /s/ Norma L. Shapiro
                          S.J.